UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JOHN WESTON OSBURN,<br><br>        Plaintiff,<br>  v.<br><br>OAKLAND POLICE OFFICERS, et al.,<br><br>        Defendants.<br>_____/ | No. C 12-3397 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

    On October 1, 2012, the Court vacated the Case Management Conference in this case and ordered Plaintiff John Weston Osburn to file a status report. Dkt. No. 3. As he failed to respond, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. Dkt. No. 4. In response, Plaintiff's counsel filed a declaration stating that "the agreement for settlement had already been reached when the case was filed—there having been an earlier version brought in the Alameda Count Superior Court, which had to be superseded because of a time problem—and so I had essentially moved it to the "done" column, carried in my head; not an adequate mode for keeping track, I admit." Dkt. No. 5. Based on this response, the Court discharged the order to show cause and ordered Plaintiff to file a dismissal or status report by February 14, 2013. Dkt. No. 6. However, Plaintiff again failed to comply with the Court's order.

    On March 5, 2013, the Court issued a second order to show cause. Dkt. No. 7. The Court ordered Plaintiff's counsel, Dennis Cunningham, to provide his client, John Weston Osburn, with (1) a copy of the second order to show cause, (2) the January 3, 2013 Order to Show Cause, and (3) Mr. Cunningham's January 17 declaration in response. *Id.* The Court further ordered Plaintiff to file a declaration by March 15, 2013, attesting that he received copies of these documents. *Id.* Finally, the

UNITED STATES DISTRICT COURT
For the Northern District of California

Court ordered Plaintiff to show cause by March 15, 2013 why this case should not be dismissed for repeatedly failing to comply with court orders. *Id.* The Court warned Plaintiff that it may dismiss the case without a hearing if no responsive declaration is filed, and that it was imperative that Plaintiff file a written response by March 15. Plaintiff has failed to comply. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

Under Rule 41(b), failure to comply with a court order can warrant dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In "determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)). Here, although the Court has given Plaintiff multiple opportunities to prosecute this action, Plaintiff has failed to comply with Court orders and deadlines, and he has now failed to respond to the most recent order to show cause. Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.

Accordingly, because Plaintiff has yet to consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge. The undersigned RECOMMENDS that the newly-assigned judge dismiss this case for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: March 20, 2013

_____
Maria-Elena James
United States Magistrate Judge